LEE HIGH, LTD.
Cecilia Lee, Esq.
Nevada Bar No. 3344
Elizabeth High, Esq.
Nevada Bar No. 10082
499 West Plumb Lane, Suite 201
Reno, Nevada 89509
Telephone:  775-324-1011
Email: c.lee@lee-high.com
Email: e.high@lee-high.com

Attorneys for Plaintiffs

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>STACI J. BAYLISS,<br><br>Debtor. | Case No.: BK-N-16-50461-GWZ<br>Chapter 7 Case<br><br>Adv. Pro. No. _____ |
| LINDA BOWMAN; RON BOWMAN; BOWMAN LIVING TRUST; PATRICIA BURGER; BILL BURGER; THE BURGER FAMILY TRUST; LA PALOMA NEVADA 2006 TRUST; MARY DELORME; LEO DROZDOFF; SUSAN DROZDOFF; MIKE EDMUNDS; RUSSELL FIDDYMENT; DAWN A. GRABOWSKI, TRUSTEE OF THE DAVID A. CABLE LIVING TRUST; GREGORY HESS; JENNY HESS; THE LPH 2007 TRUST; LEONARD HOLMGREN; RON PETERSON; LANETTE INMAN; INMAN-PETERSON FAMILY TRUST; JEANNETTE JOHNSON; LELAND "DAN" JOHNSON; L.D. AND J.L. JOHNSON FAMILY TRUST; ERIC KING; KIMBERLY KING; MICHELLE LEGATZKE; LAUREN METCALF STEVENS; TOM METCALF; METCALF BUILDERS, INC.; NORMAN L. METCALF; SARA METCALF; BRAD METCALF; NORMAN AND BETTY METCALF FAMILY TRUST; NORMAN METCALF IRA; MOUNTAIN WEST IRA FBO NORMAN METCAL IRA; BILL RAMSDEN; RAMSDEN PROPERTIES, LTD.; DORINE RAMSDEN; JEANNIE REIL; JOHN REIL; REIL | **COMPLAINT OBJECTING TO DISCHARGE OF DEBT PURSUANT TO 11 U.S.C. § 523** |

FAMILY TRUST; CAROL SALA; ROLAND
SALA; ROLAND AND CAROL SALA FAMILY
TRUST; CAROL SALA, IRA; AND DAVID T.
HUNT IRA,

     Plaintiffs,

v.

STACI J. BAYLISS, an individual, and MICHAEL
BAYLISS, an individual,

     Defendants.

Plaintiffs Linda Bowman; Ron Bowman; Bowman Living Trust; Patricia Burger; Bill Burger; Burger Family Trust; La Paloma Nevada 2006 Trust; Mary Delorme; Leo Drozdoff; Susan Drozdoff; Mike Edmunds; Russell Fiddyment; Dawn A. Grabowski, Trustee of the David A. Cable Living Trust; Gregory Hess; Jenny Hess; The LPH 2007 Trust; Leonard Holmgren, M.D.; David T. Hunt IRA; Ron Peterson; Lanette Inman; Inman-Peterson Family Trust; Jeannette Johnson; Leland "Dan" Johnson; L.D. and J.L. Johnson Family Trust; Eric King; Kimberley King; Michelle Legatzke; Lauren Metcalf Stevens; Tom Metcalf; Metcalf Builders, Inc.; Norman L. Metcalf; Sarah Metcalf; Brad Metcalf; Norman and Betty Metcalf Family Trust; Norman Metcalf IRA; Mountain West IRA FBO Norman Metcalf IRA; Bill Ramsden; Ramsden Properties, Ltd.; Dorine Ramsden; Jeannie Reil; John Reil; Reil Family Trust; Carol Sala; Roland Sala; Roland and Carol Sala Family Trust; Carol Sala IRA (collectively, "Plaintiffs"), by and through their counsel, Cecilia Lee, Esq. and Elizabeth High, Esq., Lee High, Ltd., hereby object to the discharge of debt of Staci J. Bayliss (as applicable, "Debtor") and Michael Bayliss ("Bayliss" and, together with Debtor, the "Defendants"), pursuant to 11 U.S.C. §523 and Fed. R. Bankr. Pro. 4007, and hereby complain and allege against the Defendant as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.     Plaintiffs are creditors of the Debtor in the above-captioned chapter 7 bankruptcy case and creditors of Bayliss, and are investors in certain investment funds and/or real estate

Lee High, Ltd.
499 W. Plumb Lane
Suite 201
Reno, NV 89509
(775) 324-1011

2

1   projects managed and owned by Bayliss.

2       2.      Debtor Staci J. Bayliss is an individual who resides in Nevada and who is the

3   Debtor in the Chapter 7 Case and the spouse of Michael Bayliss.

4       3.      Defendant Michael Bayliss is an individual who resides in Nevada and is the

5   spouse of Staci J. Bayliss.

6       4.      This Court has jurisdiction of the above-captioned Chapter 7 Case and this

7   adversary proceeding (the "Adversary Proceeding") pursuant to 28 U.S.C. §§ 1334 and 157, 11

8   U.S.C. § 523, and the order of reference set forth in Local Rule 1001(b)(1).

9       5.      This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C.

10  §157(b)(2)(I) and arises in the Chapter 7 Case.  To the extent this Court determines this

11  Adversary Proceeding is not a core proceeding, Plaintiff alleges in the alternative that this is a

12  related to proceeding to which Plaintiff consents to the entry of final judgment.

13      6.      Venue is proper in this District pursuant to 11 U.S.C. §1409(a) because the

14  Chapter 7 Case was filed in this District and is pending before this Court.

15      7.      Pursuant to Local Rule 7008, Plaintiffs consent to entry of final order(s) or

16  judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent

17  of the parties, cannot enter final orders or judgments consistent with Article III of the United

18  States Constitution.

19                              **GENERAL ALLEGATIONS**

20      8.      Wealth Strategies by Bayliss & McAninch, Inc. ("WSBM") is a Nevada

21  corporation.  Carrie McAninch ("McAninch") and Bayliss each own fifty-percent (50%) of

22  WSBM.  Bayliss is the President and Director of WSBM and McAninch is the Vice President,

23  Secretary and Treasurer of WSBM.

24      9.      Wealth Strategies Development, Inc. ("WDI") is a Nevada corporation.

25  McAninch and Bayliss each own fifty-percent (50%) of WDI. McAninch is the President and

26  Director of WDI and Bayliss is the Vice President, Secretary and Treasurer of WDI.

27      10.     WSBM is the Manager of the following investment funds: (1) Wealth Strategies

28  Investment Fund, LLC; (2) Wealth Strategies Income Fund, LLC; (3) Wealth Strategies Real

Estate Fund, LLC; and (4) Wealth Strategies Equity Fund, LLC. WDI is the Manager of Wealth Strategies Equity Fund, LLC. Hereinafter, where appropriate, the five Wealth Strategies limited liability companies shall be referenced collectively as the "Investment Funds."

11.     At all relevant times, McAninch and Bayliss were business partners and principals of WSBM and WDI and conducted business in Carson City, Nevada.

12.     Bayliss resided in Carson City, Nevada, was a licensed Certified Public Accountant prior to having his license revoked by the State of Nevada, and is a member and manager of the now-revoked Bayliss & Associates, LLC ("Bayliss & Associates") accounting firm.

13.     On February 19, 2016, Frank Kelley, the other member of Bayliss & Associates, caused Bayliss & Associates to file a voluntary chapter 7 petition as Case No. 16-50188-gwz (the "Bayliss & Associates Chapter 7 Case").

14.     Plaintiffs are informed and believe, and on that basis allege, that in December 2015, Bayliss suffered a stroke and became incapacitated for a period of time. Although Plaintiffs are unaware of Bayliss's specific current medical diagnosis, Bayliss has recently appeared and testified in a Rule 2004 examination and at a deposition in a state court lawsuit filed against him.

15.     At his Rule 2004 examination and his deposition, Bayliss repeatedly invoked the Fifth Amendment privilege against self-incrimination and refused to answer questions, including such pertinent questions as the representations he made to Plaintiffs to obtain their investments and communications regarding their investments.

16.     In January 2016, McAninch caused the following entities to file voluntary chapter 7 petitions in the United States Bankruptcy Court for the District of Nevjada, as follows:

| Filing Date | Entity | Case Number |
|---|---|---|
| January 14, 2016 | Wealth Strategies Income Fund, LLC | Case No. BK-N-16-50042-gwz |
| January 15, 2016 | Wealth Strategies Real Estate Fund, LLC | Case No. BK-N-16-50048-gwz |
| January 15, 2016 | Wealth Strategies Investment Fund, LLC | Case No. BK-N-16-50047-gwz |

Lee High, Ltd.
499 W. Plumb Lane
Suite 201
Reno, NV 89509
(775) 324-1011

4

| January 19, 2016 | Wealth Strategies by Bayliss & McAninch, Inc. | Case No. BK-N-16-50060-gwz |
| January 19, 2016 | Wealth Strategies Equity Fund, LLC ("WSEF") | Case No. BK-N-16-50059-gwz |
| January 22, 2016 | Wealth Strategies Opportunity Fund, LLC | Case No. BK-N-16-50081-gwz |
| January 25, 2016 | Wealth Strategies Development, Inc. | Case No. BK-N-16-50082-gwz |

(Collectively, the "Wealth Strategies Bankruptcy Cases"). W. Donald Gieseke was appointed as the Chapter 7 Trustee of the Wealth Strategies Bankruptcy Cases ("Wealth Strategies Trustee").

17.    The Wealth Strategies Bankruptcy Cases are substantively consolidated under the lead case, BK-N-16-50042-gwz.

18.    Pursuant to the Schedules and Statement filed in the Wealth Strategies Bankruptcy Cases and signed by Defendant under the penalties of perjury, the only Debtors with assets were WSIF and WSOF.

19.    Plaintiffs are informed and believe, and on that basis allege, that WSIF held at the time of the Wealth Strategies Bankruptcy petitions approximately $32,000,000 in subordinate deeds of trust against the real estate projects described below.

20.    Plaintiffs are informed and believe, and on that basis allege, that as of the time of the Wealth Strategies Bankruptcy petitions, WSOF held approximately $2,500,000 in subordinate deeds of trust on two of the real estate projects described below.

21.    Plaintiffs are informed and believe, and on that basis allege, that Bayliss's subordination of these deeds of trust in favor of third parties resulted in either the senior secured parties obtaining relief from the automatic stay in the respective Wealth Strategies Bankruptcy Case to complete foreclosures, or sale of property for substantially less than the amount owed to the respective Wealth Strategies debtor.

22.    On April 15, 2016, the Defendant filed the underlying individual Chapter 7 Case ("Bayliss Bankruptcy Case").  Jeri Coppa-Knudson was appointed as the Chapter 7 Trustee of the Bayliss Bankruptcy Case ("Bayliss Trustee").

23.    To date, Bayliss has not filed an individual Chapter 7 Case.

Lee High, Ltd.
499 W. Plumb Lane
Suite 201
Reno, NV 89509
(775) 324-1011

24.     By operation of Section 523(a)(3) of the Bankruptcy Code, a discharge of debt in favor of Debtor may operate to discharge liability of Bayliss to Plaintiffs.

**The Investment Funds**

25.     Plaintiffs are informed and believe, and on that basis allege, that as investment advisors, McAninch and Bayliss offered for sale and advised individuals to invest in the Investment Funds, which were managed by McAninch and Bayliss by and through WSBM and WDI.

26.     For numerous years prior to the Wealth Strategies Bankruptcy Cases, the McAninch and Bayliss solicited investors, including Plaintiffs, to invest in the Investment Funds. McAninch and Bayliss made material representations to the Plaintiffs regarding the Investment Funds to induce the Plaintiffs to invest money in the Investment Funds.

27.     Plaintiffs are informed and believe, and on that basis allege, that as much as $80 million dollars was invested in the Investment Funds by Plaintiffs and numerous other investors.

28.     Plaintiffs are informed and believe, and on that basis allege, that McAninch and Bayliss caused the Investment Funds to purchase individual securities, invest in other private investment funds or hedge funds, invest in managed and unmanaged real estate loans, purchase real estate and/or purchase bonds, cash and/or cash equivalents.

29.     As investment advisors and managers of the Investment Funds, McAninch and Bayliss had sole control over the Investment Funds and any and all contributions to the same.

30.     At all times relevant to this Complaint, Bayliss held himself out as a Certified Public Accountant, licensed to practice within the state of Nevada and that he was or claimed to be a qualified and registered investment advisor authorized to practice as such in the state of Nevada, and holding and/or having passed FINRA/NASAA Services 24, 7 and 66 exams or licenses or the equivalent thereof.

31.     At all times relevant to this Complaint, McAninch was or claimed to be a qualified and registered investment advisor authorized to practice as such in the state of Nevada, and held herself out as holding and/or having passed FINRA/NASAA series 7 and 66 exams/licenses or the equivalent thereof.

Lee High, Ltd.
499 W. Plumb Lane
Suite 201
Reno, NV 89509
(775) 324-1011

32.     Plaintiffs are informed and believe, and on that basis allege, that McAninch and Bayliss caused the Investment Funds that they controlled to loan their investors' money to various real estate projects, which McAninch managed with Bayliss.

33.     These real estate projects included The Ranch at Gardnerville, LLC; The Ranch at Gardnerville I, LLC; Connemara Park, LLC; Connemara (Dayton) LLC; Graniteridge at Markleeville, LLC; and Eagle Ridge at Genoa, LLC.

34.     Plaintiffs are informed and believe, and on that basis allege, that McAninch and Bayliss owned legal and/or equitable interests in the real estate projects and/or the entities in title to those projects.

35.     Plaintiffs are informed and believe, and on that basis allege, that, without the knowledge of Plaintiffs, McAninch and Bayliss borrowed money from lenders and used the real estate, securities and other property owned by the Investment Funds as collateral.

36.     Plaintiffs are informed and believe, and on that basis allege, that without the knowledge of Plaintiffs, McAninch and/or Bayliss executed documents that subordinated senior secured positions on one or more of the projects in favor of one or more Investment Fund to junior positions in favor of third party lenders.

37.     Plaintiffs allege that, with McAninch and Bayliss representing both the Investment Fund whose senior position was subordinated and the trustor on the deeds of trust for the real estate entity, McAninch and Bayliss possessed irreconcilable conflicts of interest to the detriment of Plaintiffs.

38.     Plaintiffs are informed and believe, and on that basis allege, that McAninch and Bayliss did not properly document the transactions between real estate entities and the respective Investment Fund, and that the underlying obligations of the real estate project or entity to repay the respective Investment Fund did not perform for failure to pay.

39.     Despite these defaults, Plaintiffs allege based on their information and belief, that McAninch and Bayliss did not pursue the rights of the respective Investment Fund to declare the amounts due and payable or to exercise any rights to foreclose.

40.     Plaintiffs are informed and believe, and on that basis allege, that as of the filing of

Lee High, Ltd.
499 W. Plumb Lane
Suite 201
Reno, NV 89509
(775) 324-1011

the Wealth Strategies Bankruptcy Cases, the overall value of all the Investments Funds was substantially less than the amounts they had invested in them.

41.     Plaintiffs are informed and believe, and on that basis allege, that as of the filing of the Wealth Strategies Bankruptcy Cases, the overall value of the real estate projects was substantially less than the amounts owed on each respective parcel.

42.     As investment advisors to Plaintiffs, McAninch and Bayliss had a special and fiduciary relationship with Plaintiffs.

43.     As investment advisors, Plaintiffs placed a high level of trust in McAninch and in Bayliss, who was also the accountant for most of the Plaintiffs and had access to their personal finances, which Bayliss and McAninch abused for their own benefit and to the detriment of Plaintiffs.

44.     Plaintiffs are informed and believe, and on that basis allege, that in 2010, the Nevada Securities Division filed a complaint against McAninch, Bayliss and WSBM.

45.     Plaintiffs are informed and believe, and on that basis allege, that on March 28, 2011, the Nevada State Board of Accountancy filed a complaint against Bayliss and Bayliss & Associates, alleging that Bayliss and Bayliss & Associates had filed false and fraudulent income tax returns; engaged in dishonest, fraudulent or grossly negligent conduct; failed to advise clients regarding fee structures for WSBM and WSDI; and failed to disclose the payment of fees to WSBM and WSDI in excess of earnings for a certain period.

46.     Plaintiffs are informed and believe, and on that basis allege, that Bayliss entered into a stipulation with the Board of Accountancy whereby Bayliss's license was revoked with the revocation stayed pending probation for five years under certain conditions.

47.     Unbeknownst to Plaintiffs, Bayliss and the Nevada State Board of Accountancy stipulated to adverse findings in a disciplinary Order and Decision.

48.     Defendant and Bayliss failed to disclose the Board of Accountancy Complaint or the stipulation that resulted therefrom to the Plaintiffs.

49.     Plaintiffs are informed and believe, and on that basis allege, that the Board of Accountancy filed a second complaint against Bayliss in 2015, as a result of which he

surrendered his CPA license.

50.     Plaintiffs are informed and believe, and on that basis allege, that the Nevada Security Division filed a second complaint against Bayliss and WSBM in 2012.

51.     Plaintiffs are informed and believe, and on that basis allege, that McAninch and Bayliss continued to solicit investments from Plaintiffs after these regulatory actions were taken against Bayliss and WSBM.

52.     Had Plaintiffs been aware of the serious charges against Bayliss, Plaintiffs would not have used Bayliss as an accountant and would not have placed investments with Bayliss, McAninch or any of the Wealth Strategies entities.

53.     As a result of the special and fiduciary relationship with Plaintiffs, McAninch and Bayliss owed Plaintiffs numerous fiduciary duties including but not limited to: a duty loyalty and to not to engage in self-dealing, a duty to avoid conflicts of interest; a duty to disclose relevant information known to McAninch and/or Bayliss relevant to the Investment Funds.

54.     Bayliss breached his duties to Plaintiffs by, among other things, failing to inform them of the status of his disciplinary proceedings with the Nevada State Board of Accountancy; failing to inform them of the true nature of their investments, the lack of security and liquidity relating to their investments, the lack of value in their investments; engaging in self-dealing in obtaining investments from Plaintiffs and managing those investments for the benefit of himself and McAninch and not of Plaintiffs.

55.     Bayliss engaged in communications of material fact, and/or failed to communicate material facts that were within his knowledge, to Plaintiffs including, but not limited to, that their investments were liquid, that the real property investments provided adequate security and would retain priority position, when, unbeknownst to Plaintiffs, Bayliss was executing documents or arranging for the execution of documents to subordinate that security position on all of the real estate investments.

56.     Bayliss has never accounted for the loss in value or the loss of Plaintiffs' investments.

57.     Based on information and belief, Plaintiffs allege that Bayliss was the alter ego of

1     Wealth Strategies Bayliss & McAninch, and has responsibility and liability for obtaining

2     investments from Plaintiffs.

3           58.     Based on information and belief, Plaintiffs allege that Bayliss influenced Wealth

4     Strategy Bayliss & McAninch, co-owed the Wealth Strategies bankruptcy debtors and the real

5     estate investments and that maintaining the corporate fiction would, under the circumstances,

6     sanction a fraud or promote injustice.

7                          **FIRST CAUSE OF ACTION**

8                          **(11 U.S.C. § 523(a)(2))**

9           59.     The Plaintiffs hereby reallege and incorporate by reference the allegations set

10     forth in paragraphs 1 through 58, inclusive, of this Complaint, as though set forth in full herein.

11           60.      The amount due and owing to the Plaintiffs constitutes "money, property, [or]

12     services" within the meaning of Section 523(a)(2), from which Defendants received a financial

13     benefit.

14           61.     Bayliss made misrepresentations, committed false pretenses and actual fraud to

15     the Plaintiffs, either actively or by omission of facts known or that should have been known to

16     him, to induce them into investing with himself, McAninch and the Wealth Strategies entities.

17           62.     Bayliss acted deceptively in making such misrepresentations.

18           63.     Bayliss's misrepresentations were material.

19           64.     Bayliss knew at the time of his misrepresentations and conduct that his statements

20     were false and his conduct was deceptive.

21           65.     Bayliss's misrepresentations and deceptive conduct were intended to deceive and

22     did deceive Plaintiffs.

23           66.     Plaintiffs justifiably relied upon Bayliss's false statements and deceptive conduct.

24           67.     The Plaintiffs were damaged as a result of their justifiable reliance on the

25     Bayliss's false statements and deceptive conduct.

26           68.     The Plaintiffs' damages were proximately caused by their reliance upon the

27     Bayliss's false statements and deceptive conduct.

28           69.     The Plaintiffs are entitled to a judgment against the Defendants that the full

amount of the debt owed to each of them, in an amount to be proven at trial, is not dischargeable under Section 523(a)(2) of the Bankruptcy Code.

## SECOND CAUSE OF ACTION

### (11 U.S.C. § 523(a)(4))

70.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 69, inclusive, of this Complaint, as though set forth in full herein.

71.    On information and belief, by and through the willful acts alleged above, Bayliss deceived and exploited Plaintiffs to convert and embezzle Plaintiffs' funds.

72.    Plaintiffs did not consent to Bayliss's actions.

73.    Because of Bayliss's conduct, Plaintiffs have been damaged in an amount to be proved at trial.

74.    When Bayliss agreed to invest and manage Plaintiff's funds, Plaintiffs had the right to place trust and confidence in him and to expect that he would act with integrity and fidelity on their behalf.

75.    As the manager of Plaintiffs' investment accounts, Bayliss had a fiduciary duty to Plaintiffs to act in their best interests in the investment and management of their assets.

76.    Bayliss repeatedly made risky and inappropriate investments with Plaintiffs' assets, and thereby breached his fiduciary duty to Plaintiffs.

77.    As a direct and proximate result of Bayliss's breach, Plaintiff suffered substantial financial losses in amounts to be proved at trial.

78.    As a further direct and proximate result of Bayliss's actions and failures to act, Plaintiffs have had to seek the services of an attorney to represent them in this matter.  Plaintiffs have thus incurred additional damages in legal fees, costs, and related expenses, for which Defendants are liable.

79.    Bayliss's conduct demonstrates that he is guilty of oppression, fraud or malice, express or implied conduct under the circumstances. Bayliss engaged in this despicable conduct with a conscious and gross disregard for Plaintiffs' rights and safety, thereby rendering him liable to Plaintiffs for punitive damages in addition to compensatory damages.

80. Plaintiffs are entitled to a judgment against Defendants that the full amount of debt owed to each Plaintiff, in an amount to be proved at trial, is not dischargeable pursuant to Section 523(a)(4) of the Bankruptcy Code.

### THIRD CAUSE OF ACTION

### (11 U.S.C. § 523(a)(6))

81. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 80, inclusive, of this Complaint, as though set forth in full herein.

82. Bayliss knew the investments of Plaintiffs were made to the illiquid Wealth Strategies' entities to finance real estate.

83. Based on information and belief, Plaintiffs allege that Bayliss conspired with McAninch to obtain investments from Plaintiffs and to embezzle, convert, misappropriate, steal or divert Plaintiffs' investments.

84. As a direct and proximate cause of Bayliss's deceptions, Bayliss obtained, embezzled, diverted and converted the investments belonging to Plaintiffs.

85. Bayliss intentionally intended to harm each and every Plaintiff in converting their investments for his purposes or those of McAninch.

86. Bayliss's injury to each Plaintiff was willful, intentional and malicious, without just cause or excuse, committed with intent to harm and damage each Plaintiff and improperly benefit Bayliss.

87. Bayliss engaged in this despicable conduct with a conscious and gross disregard for Plaintiffs' rights and safety, thereby rendering him liable to Plaintiffs for punitive damages in addition to compensatory damages.

88. Plaintiffs are entitled to a judgment that the full amount of debt owed to each of them by Bayliss, in amounts to be proven at trial, is not dischargeable pursuant to 11 U.S.C. §523(a)(6).

### FOURTH CLAIM
### Exploitation of an Older or Vulnerable Person (NRS 41.1395)
### 11 U.S.C. §523(a)(2)(A)

Lee High, Ltd.
499 W. Plumb Lane
Suite 201
Reno, NV 89509
(775) 324-1011

89.    Plaintiffs reallege and incorporates herein by reference paragraphs 1 – 88, and incorporate them by reference as if fully set forth herein.

90.    Based on their information and belief, Plaintiffs allege that Bayliss was informed of the age of each Plaintiff in making investments with Bayliss and McAninch.

91.    Bayliss represented to Plaintiffs that both he and McAninch were experienced and successful investors and that Plaintiffs' investments were safe and secure.

92.    Based on Bayliss's representations, Plaintiffs placed much confidence and trust in Bayliss and in McAninch and agreed to invest with them.

93.    When Bayliss told Plaintiffs that their investments were safe and secure, he did so knowing the representation was false and/or knowing that he had an insufficient basis for making the representation.

94.    Bayliss made these false representations to Plaintiffs for the purpose of gaining control over Plaintiffs' assets and earning fees for the benefit of McAninch and himself.

95.    As a direct and proximate result of Bayliss's risky and inappropriate investments, Plaintiffs suffered substantial financial losses.

96.    As a further direct and proximate result of Bayliss's actions, Plaintiffs have been permanently deprived of the ownership, use, benefit and possession of assets, in amounts to be proven at trial.

97.    Because Bayliss knew that certain Plaintiffs were older persons, and because Plaintiffs suffered a loss of money as a direct result of Bayliss's exploitation, those Plaintiffs who were older persons are entitled receive two times the actual damages they suffered as a result of Bayliss's actions.

98.    As a further direct and proximate result of Bayliss's actions and omissions, Plaintiffs are entitled to declaration from this Court that the debt incurred for exploitation of an elder person is not dischargeable pursuant to 11 U.S.C. §523(a)(2).

99.    As a further direct and proximate result of Bayliss's actions, Plaintiffs have had to seek the services of an attorney to represent them in this matter. Because Bayliss acted with recklessness, oppression, fraud or malice, Plaintiffs are entitled to recover from Defendants the

Lee High, Ltd.
499 W. Plumb Lane
Suite 201
Reno, NV 89509
(775) 324-1011

13

1    attorney's fees and costs they have expended in pursuing this matter.

2        100.    Bayliss's conduct demonstrates that he is guilty of oppression, fraud or malice,

3    express or implied conduct under the circumstances. Bayliss engaged in this despicable conduct

4    with a conscious and gross disregard for Plaintiffs' rights and safety, thereby rendering him

5    liable to the Plaintiffs for punitive damages in addition to compensatory damages.

6        WHEREFORE, Plaintiffs ask for judgment against the Defendants as follows:

7        1.    A judgment against the Defendants that their obligation to the Plaintiffs in

8    amounts to be proven at trial, plus further interest, attorneys' fees, and costs, are not

9    dischargeable under 11 U.S.C. §523(a)(2);

10        2.    A judgment against the Defendants that their obligation to the Plaintiffs in amount

11    to be proven at trial, plus further interest, attorneys' fees, and costs, are not dischargeable under

12    11 U.S.C. §523(a)(4);

13        3.    A judgment against the Defendants that their obligation to the Plaintiffs in

14    amounts to be proven at trial, plus further interest, attorneys' fees and costs and punitive

15    damages, are not dischargeable under 11 U.S.C. §523(a)(6);

16        4.    A judgment against the Defendants that their obligation to those Plaintiffs who are

17    elder persons, in amounts to be proven at trial, plus further interest, attorneys' fees and costs and

18    punitive damages, are not dischargeable under 11 U.S.C. §523(a)(2);

19        5.    For an award of punitive damages, prejudgment interest, court costs, attorneys'

20    fees and post-judgment interest to the extent permitted by law; and

21        6.    For such other and further relief as the Court deems just and equitable under the

22    circumstances.

23        DATED this 21st day of December, 2017.

24                                LEE HIGH, LTD.

25                                /s/ Cecilia Lee, Esq.
26                                CECILIA LEE, ESQ.
                                  ELIZABETH HIGH, ESQ.
27

28